**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 11-5105**

―――――――――

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

TYRONNE GREEN,

          Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News. Robert G. Doumar, Senior District Judge. (4:08-cr-00107-RGD-JEB-1)

―――――――――

Submitted: June 28, 2012          Decided: August 2, 2012

―――――――――

Before NIEMEYER, KING, and WYNN, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Michael S. Nachmanoff, Federal Public Defender, Frances H. Pratt, Rodolfo Cejas II, Assistant Federal Public Defenders, Norfolk, Virginia, for Appellant. Neil H. MacBride, United States Attorney, Brian J. Samuels, Assistant U. S. Attorney, Newport News, Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tyronne Green appeals the district court's order revoking his probation and imposing a ten-month sentence. We affirm.

In the Petition on Probation, Green was charged with testing positive for cocaine on three occasions and with failing to apply a tax refund to court-ordered restitution, as required by a special condition of probation. At his July 25, 2011, revocation hearing, Green admitted committing the charged violations. The district court continued the hearing until October 24, 2011. The court informed Green that it would dismiss the matter if Green were able to remain drug-free until the hearing resumed. Green tested positive for cocaine in September 2011, and he admitted to this additional violation at the October hearing.

According to a probation violation worksheet, which was before the district court,[*] Green committed both Grade B and Grade C violations. See U.S. Sentencing Guidelines Manual

---

[*] Green complains on appeal that the worksheet was not before the district court. We note that it was Green's responsibility to include the worksheet in the Joint Appendix. See Fed. R. App. P. 30(a). Further, Green does not dispute the Government's statement in its brief that the worksheet was submitted to the district court. Nor does he contend that the Government's brief misrepresents information contained in the worksheet.

§ 7B1.1(a), p.s. (2011). Using the more serious grade violation, see USSG § 7B1.1(b), p.s., and taking into account Green's criminal history category of I, his recommended range of imprisonment was 4-10 months. See USSG § 7B1.4(a), p.s.

The district court revoked probation and imposed a ten-month sentence. In sentencing Green, the court stated that not only had Green failed to pay court-ordered restitution, but he had "reverted to the use of cocaine and . . . been in possession of it."

We apply the same standard of review for probation revocation as we do for supervised release revocation. United States v. Moulden, 478 F.3d 652, 656 (4th Cir. 2007). A revocation sentence should be affirmed if it is within the applicable statutory maximum and not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). We first consider whether the sentence is unreasonable. Id. at 438. "This initial inquiry takes a more deferential appellate posture concerning issues of fact and the exercise of discretion than reasonableness review for guideline sentences." Moulden, 478 F.3d at 656. We will affirm if the sentence is not unreasonable. Crudup, 461 F.3d at 439. Only if a sentence is found procedurally or substantively unreasonable will we "decide whether the sentence is plainly unreasonable." Id.

3

In reviewing for reasonableness, we "follow[] generally the procedural and substantive considerations that [are] employ[ed] in [the] review of original sentences, . . . with some necessary modifications to take into account the unique nature of . . . revocation sentences." Id. at 438-39. A sentence imposed upon revocation of probation is procedurally reasonable if the district court considered the Chapter Seven policy statements and the statutory factors applicable to revocation sentences under 18 U.S.C. § 3553(a) (2006). Moulden, 478 F.3d at 656. The court need not robotically tick through every subsection of § 3553(a) when pronouncing sentence. Id. at 657. A revocation sentence is substantively reasonable if the district court stated a proper basis for concluding that the defendant should receive the selected sentence, up to the statutory maximum. Crudup, 461 F.3d at 440. Ultimately, the court has broad discretion to revoke probation and to impose a sentence up to that maximum. Moulden, 478 F.3d at 656.

With these principles in mind, we conclude that the ten-month sentence is not unreasonable. Green was sentenced within the recommended policy statement range of four to ten months. Further, the district court's explanation of the sentence reveals that the court took the § 3553(a) factors into consideration when determining the sentence.

4

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>